UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO.

**CASLEY BAILEY,**
Plaintiff,

v.

**CITY OF BOSTON, MASSACHUSETTS CIVIL SERVICE COMMISSION, MASSACHUSETTS DEPARTMENT OF LABOR RELATIONS, IAFF LOCAL 718, and related officials,**
Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**I. THE CITY'S MISAPPLICATION OF THE EXHAUSTION DOCTRINE IS CONTRARY TO SUPREME COURT PRECEDENT AND THE FACTS OF THIS CASE**

The City's April 16, 2025 (2025-P-0275) opposition brief misstates the law by insisting that exhaustion of administrative remedies is required even where the process itself is irreparably tainted by fraud. The Supreme Court has made clear that exhaustion is not required where the administrative process is so biased or compromised that it cannot provide a fair adjudication. In **Gibson v. Berryhill**, 411 U.S. 564, 577 (1973), the Court held that exhaustion is excused where the administrative body is "so biased or has otherwise predetermined the issue that it is unable to render a fair judgment." Similarly, **McCarthy v. Madigan**, 503 U.S. 140, 148 (1992), recognizes that exhaustion is not required where remedies are "inadequate or futile."

Here, the administrative process is itself the constitutional injury. The record is undisputed that a forged HIPAA release was used as the basis for Plaintiff's termination. The Sharon Ottinger forensic report confirms the signature and printed name on the December 18, 2024 HIPAA release were not authored by Plaintiff. Dr. Holder's affidavit, which purports to authenticate the form, only compounds the fraud. This is not a mere procedural defect—it is fraud upon the tribunal, rendering all subsequent administrative proceedings constitutionally defective. See **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238, 246 (1944); **Aoude v. Mobil Oil Corp.**, 892 F.2d 1115, 1118 (1st Cir. 1989) (fraud upon the court "vitiates everything").

Moreover, the futility exception is especially compelling where, as here, the Civil Service

Commission and Department of Labor Relations joined the City's motion to dismiss while simultaneously requiring Plaintiff to exhaust remedies before them. This is the very definition of a structurally biased and futile process. See also **Boivin v. U.S. Airways, Inc.**, 446 F.3d 148, 154 (D.C. Cir. 2006) (exhaustion excused where agency is "powerless to grant effective relief").

## II. THE CITY MISCHARACTERIZES IRREPARABLE HARM—LOSS OF MEDICALLY NECESSARY AUTISM SERVICES IS NOT MERELY ECONOMIC

The City's assertion that Plaintiff's harm is "solely economic" is both factually and legally incorrect. The Supreme Court in **Elrod v. Burns**, 427 U.S. 347, 373 (1976), held that the loss of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable injury." Here, Plaintiff's dependent children, both diagnosed with autism, lost access to medically necessary therapies as a direct result of the retaliatory termination. Expert declarations, including the Bierman BCBA letter, confirm that interruption of these services causes irreversible developmental harm, regression, and risk of self-injury. Such harm cannot be remedied by monetary damages and is quintessentially irreparable. See also **Doe v. Luzerne County**, 660 F.3d 169, 177 (3d Cir. 2011) (informational privacy violations and loss of medical care are irreparable).

## III. HIPAA VIOLATION AND FORGERY EVIDENCE—ADMINISTRATIVE RELIANCE ON THE FORGED FORM IS CONSTITUTIONALLY DEFECTIVE

Under **45 C.F.R. § 164.508(c)(1)**, a HIPAA authorization must be completed and signed by the patient or their legal representative. The forensic report of Sharon Ottinger establishes that the HIPAA release form was forged. Dr. Holder's affidavit, which claims Plaintiff signed the form, is directly contradicted by the forensic evidence and Plaintiff's cognitive impairment at the time. This is not a technicality: it is a violation of federal law and a deprivation of Plaintiff's constitutional right to informational privacy. See **NASA v. Nelson**, 562 U.S. 134 (2011); **Klimas v. Comcast Cable**, 465 F.3d 271, 278 (6th Cir. 2006) (forged consent forms invalidate subsequent disclosures).

The use of forged evidence in administrative proceedings constitutes "fraud upon the court." See **Hazel-Atlas Glass**, 322 U.S. at 246; **Aoude**, 892 F.2d at 1118. All administrative reliance on the form is constitutionally defective and cannot be shielded by deference to agency process. See also **Scearce v. TVA**, 715 F.2d 916, 920 (5th Cir. 1983) (agency action based on fraud is void).

## IV. CITY'S DECEPTION BEFORE JUDGE BELEZOS—THE SYSTEM DID NOT 'WORK' FOR PLAINTIFF

The City's April 11, 2025 representation to Judge Belezos (Docket 2584CV00782G) that the

system "worked" for Plaintiff is demonstrably false. The City cited prior Civil Service reversals as proof of process legitimacy, yet Commissioner Burke explicitly referenced those same reversals as aggravating factors in the final termination letter. This is not evidence of a fair process, but of a predetermined outcome and retaliatory motive. The City failed to disclose that those prior suspensions were overturned due to union abandonment or procedural misconduct, not on the merits of Plaintiff's alleged untruthfulness. This circular logic only reinforces the futility exception to exhaustion and the presence of due process violations. See **Carter v. City of Philadelphia**, 181 F.3d 339, 357 (3d Cir. 1999) (predetermined outcomes and retaliatory discipline violate due process).

## V. UNION ABANDONMENT AND STRUCTURAL BIAS—EXHAUSTION IS EXCUSED UNDER VACA v. SIPES

The City ignores the undisputed evidence that IAFF Local 718 refused to grieve key issues and withdrew support at critical junctures. Union attorney Leah Barrault's written withdrawal and the absence of any pre-disciplinary strategy (see Exhibits) constitute a breach of the duty of fair representation. Under **Vaca v. Sipes**, 386 U.S. 171, 186 (1967), union abandonment independently excuses exhaustion of administrative remedies. See also **Scearce v. TVA**, 715 F.2d at 920 (union's refusal to process grievance excuses exhaustion); **Boivin**, 446 F.3d at 154 (union collusion with employer renders exhaustion futile).

## VI. FAILURE TO SERVE APPELLANT WITH RECORD APPENDIX—A PROCEDURAL VIOLATION THAT UNDERMINES THE CITY'S POSITION

The City failed to serve Plaintiff with a copy of its Record Appendix, in violation of **Mass. R.A.P. 18(a)**. This is not a clerical error, but a continuation of the City's efforts to avoid confronting the forged HIPAA release and constitutional claims. By withholding a properly served record, the City denies Plaintiff and this Court the ability to verify its factual assertions—many of which rest on unsupported character allegations rather than admissible evidence. This procedural omission further undermines the credibility and sufficiency of the City's opposition and is itself grounds for judicial intervention.

## VII. PLAINTIFF'S CIVIL SERVICE APPEAL IS TAINTED FROM INCEPTION—DUE PROCESS AND ADA VIOLATIONS

Plaintiff's Civil Service appeal has been tainted from the outset by restricted questioning, evidentiary misrepresentation, and systemic bias. The administrative record shows that Plaintiff's symptoms of cognitive impairment (e.g., memory lapses) were framed as misconduct, rather than as manifestations of a documented disability. This constitutes a direct violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Equal Protection Clause.

See **Doe v. Luzerne County**, 660 F.3d at 175 (disability-related symptoms cannot be used as pretext for discipline); **Carter**, 181 F.3d at 357 (disparate discipline and pretext violate equal protection).

## VIII. JUDICIAL INTEGRITY REQUIRES INTERVENTION—COURTS MAY NOT SHIELD FRAUD BEHIND ADMINISTRATIVE DEFERENCE

The City's attempt to shield forged evidence and constitutional violations behind the doctrine of administrative deference is fundamentally incompatible with the rule of law. As the Supreme Court held in **Hazel-Atlas Glass**, 322 U.S. at 246, and the First Circuit reaffirmed in **Aoude**, 892 F.2d at 1118, "fraud upon the court" vitiates all proceedings and cannot be excused by procedural technicalities or agency expertise. Judicial integrity demands that courts intervene where the administrative process is irreparably tainted by fraud, futility, and irreparable harm.

For all these reasons, Plaintiff respectfully requests that this Court grant the requested Temporary Restraining Order and Preliminary Injunction, restore Plaintiff's employment and benefits, and order expedited discovery into the creation and use of the forged HIPAA authorization and related misconduct.

Respectfully submitted,

/s/ Casley Bailey
Casley Bailey
Pro Se Plaintiff
19 Union St N Easton MA 02356
whatisdueprocess@gmail.com
4/20/25