UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CASLEY BAILEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 25-11068-LTS |
| CITY OF BOSTON, et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER

April 23, 2025

SOROKIN, J.

For the reasons set forth below, the Court denies without prejudice the motion for leave to proceed *in forma pauperis* and the emergency motion for temporary restraining order and preliminary injunction. To the extent the plaintiff wishes to proceed, the Court grants him time to (1) file a complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure; and (2) either pay the $405 filing fee or file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs with a statement reporting any support he receives from a spouse or next friend.

**Background**

Plaintiff Casley Bailey ("Bailey"), a resident of North Easton, Massachusetts, initiated this action by filing his self-prepared emergency motion for temporary restraining order and preliminary injunction. Doc. No. 2. As best can be gleaned from the motion, Bailey alleges that while working as a Boston firefighter on December 17, 2024, he sustained a head injury and

1

that subsequent actions taken by the defendant City officials and agencies, culminating in his termination on February 12, 2025, violated his federal rights.  *Id.* at *passim*.

With the motion, Bailey filed a declaration, Doc. No. 3, a memorandum of law, Doc. No. 4, and a motion for leave to proceed *in forma pauperis*, Doc. No. 5.

## Discussion

### I. Plaintiff's motion for leave to proceed *in forma pauperis*

A person commencing a non-habeas civil action must (1) pay a $350 filing fee and a $55 administrative fee; or (2) or file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed *in forma pauperis*).  *See* 28 U.S.C. §§ 1914(a); 1915(a)(1).  A person seeking to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that he is unable to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  The determination of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted by the plaintiff.  *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed. Appx. 157 (2d Cir. 2002) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)).

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute" and the [*in forma pauperis*] statute does not require an individual to "contribute ... the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next

friend.'" *Fridman*, 195 F. Supp. 2d at 537 (quoting Williams v. Spencer, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

Although Bailey answered the majority of questions on the Application, he failed to answer Question 4 concerning the amount of money he has and Question 8 concerning any debts or financial obligations.  Doc. No. 5.  In response to Question 6 concerning regular monthly expenses, he lists "mortgage" and "car note."  *Id.*  However, he fails to identify any property or car in response to Question 5 concerning anything of value that he owns.  *Id.*  Because the Application is incomplete, the Court cannot evaluate whether Bailey qualifies for *in forma pauperis* status.

If Bailey wishes to proceed without prepayment of the filing fee, he must file a renewed motion for leave to proceed *in forma pauperis* by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs.  He must supplement the form with additional information demonstrating how he is provided the basic necessities of life and must report any support—monetary or in kind—he has received from other individuals such as a spouse or other next friend.

## II.     Filing of a Complaint

"A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Bailey's emergency motion does not constitute a complaint.  If he wishes to pursue this action, he must file a complaint.  The Court cannot consider a motion for injunctive relief without an underlying complaint which contains a statement of the Court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief.  *See* Fed. R. Civ. P. 8(a).  The requirement to provide a "short and plain statement of the claim" means that the complaint must contain "enough detail to provide [each] defendant with 'fair notice of

3

what the . . . claim is and the grounds upon which it rests,'" *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, [and] where,'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)).

In addition, a complaint should comply with other requirements set forth in the Federal Rules of Civil Procedure. The caption of the complaint "must name all the parties," Fed. R. Civ. P. 10(a). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The plaintiff must sign the complaint. *See* Fed. R. Civ. P. 11(a).

### III. Order

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. No. 5, and the emergency motion for temporary restraining order and preliminary injunction, Doc. No. 2, are DENIED WITHOUT PREJUDICE.

2. To the extent plaintiff wishes to proceed, the Court grants him time to (1) file a complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure; and (2) either pay the $405 filing fee or file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs with a statement reporting any support he receives from a spouse or next friend.

3.  Failure to comply with these directives within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge